# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

## March 15, 2016

This document relates to:

**Troy T. Williams (pro se')**      :
*Plaintiff*      :
                           **CaseNo.15-cv-5012-EEB**
     : PLAINTIFF DEMANDS TRIAL
     : BY JURY
**V.**      :
     :
     :

**Capital One Bank (USA)N.A.et.al.**
*Defendant*

## PLAINTIFF'S MOTION FOR JUDGEMENT AS A MATTER OF LAW

Comes now, Williams, pro se', to timely submit to this Honorable Court[s] his *"motion"* for *"judgment as a matter of law"* in accords with the 2009 Amends of the Fed.R.Civ.P. Rule 50(a), which allows a party 28 days, instead of 10 days to submit a "JML" because Court[s] have reasoned that 10 days is inadequate to successfully prepare a "JML". The Court[s] decreed that *"discovery"* was concluded on February 22,

2016. As well, Fed.R.Civ.P Rule 6(a) does not allow for an extenstion beyond this time.

## MEMORANDUM OF LAW AND AUTHORITIES:

## I.     Rule 50(a):

A Rule 50(a) motion is a motion that allows a party to a suit to challenge the legal sufficiency of the *"evidence"* presented and that such motions test whether there is a legal sufficient evidentiary basis for a reasonable jury to find for the "moving party". *See Ruyle v. Continental Oil Co., 44 F.3d. 837, 841(10th Cir. 1994).* If plaintiff makes a motion under Rule 50(a) before a case is submitted to the jury, Williams "must specify the judgment sought and the law and facts that entitle the movant to the judgment," and after the verdict, Williams must sufficiently "renew[ ]" the same, as provided in Rule 50(b). Put another way, Rule 50 motions must be made with sufficient clarity to apprise the district court of the nature of the motion, the factual and legal grounds for the motion, and the precise relief requested; generalized or conclusory language will not do.

## II.    Undisputed Facts:

**A.** What The Law Says About Security Agreements.

To date, Capital One has submitted a credit card application and an agreement that lacks Williams' signature. The customary way of *"proving"* an agreement with a *"party"* is by introducing into evidence a written agreement which is *"signed"* by the party in question. *See Prima Facie Case 2§2*. Even if this agreement was accepted by the Court[s] of this Nation, the *"agreement"* submitted by Capital One used words and language (substance) that states, *"security agreement"* and *"I , you and yours"* refers to each person who signed the application for the account". The law says in accords with UCC-904(2), as it pertains to *"security agreements"* that the "requirement of a security agreement by an *"individual"* debtor be signed is *"paramount"* and is said in the official comment to be in the nature of a *"Statute of Frauds"*. As well, an *"agreement"* not signed by the alleged *"debtor"* is not *"enforceable"* against either the debtor or third parties. *See In re Martinez 179.B.R. 90 N.D.Ill.E.D.(1995), (Dissent) In re Shirel, Bankr.W.D.Okla. July 17, 2000, Pablo Martinez v. Law Office of David J.Stern P.A. No-99-42274 BKC-RAM May 30, 2001.* By Bank's submission of an "inapplicable"

security agreement that lack's Williams "signature, it is not Williams that breached the *"agreement"* it is Capital One's credit card practices that breached the *"agreement"*. This means...that Williams' alleged credit card activity; in relationship to the terms and conditions Capital One's credit card practices presented before this Honorable Court[s] on behalf of Williams' discovery request must fail and are wholly unsupported by the record.

Although Capital One has attached a document labeled "customer agreement", <u>clearly absence an "executed" signature page</u>, a review of these documents demonstrates that the *"customer agreement"* attached or presented is inapplicable to Williams. Even if, an account was opened in **2004** by plaintiff, the *"customer agreement"* that Capital One submitted and attached to its' response to Williams' discovery request has a **copyright date of 2005 and 2006***[See Exh-D1]*. This clearly evidence that the *"customer agreement"* has not been signed by Williams in any way form or fashion. This or These action[s] by Capital One is construed as *"fraud upon the court"* and is unfair and deceptive in nature as defined by FTC 5(a) and violates the Fair Debt Collection Practices Act 15U.S.C. § 1692(f)(1). Therefore, any actions taken by an

"assignee" or "debt buyer"; "debt buyer" who purported to represent

Capital One in State-Court action in 2010 must also be construed as

*"fraud"* and unfair and deceptive practices in nature for lack of

*"signature"* concerning *"security agreement"* submitted as evidence. *See*

*Customer Agreement Capital One Submitted[ Dkt 107].*

> These actions by Capital One is why Williams claims in his "motion to compel", as well as his "affidavit" that the "original" contract has been altered, stolen and/or forged and is missing the following information. The current *"agreement"* or *"contract"* submitted by Capital One is incomplete and fails to include the following: (1) that the intent of the alleged loan is for the *"original"* party who funded the loan to be repaid the loan per bookkeeping entries to be repaid the money(2) Capital One adheres to GAAP[General Accepted Accounting Principles](3) Capital One will purchase the alleged *"agreement"* from "Williams" (4) Williams does not provide any *"money"* or *"money equivalent"* to give value to a check or similar instrument (5) Williams is to repay in same *"specie"* of *"money"* the bank used (6) agreement gives *"full disclosure"* of all *"material facts"*(7) includes Williams' "signature".*[See Exh-CC4]*

**B.** Capital One Has Submitted False And Inapplicable Credit Card Agreement Concerning Williams To Validate Credit Card And Collection Practice.

Capital One has demonstrated unfair, unconscionable, and deceptive

acts in as defined by FTC 5(a) and Dodd-Frank Act, by submitting

*"instrument of writings"* in regards to discovery request in the form of a

*"security agreement"* which is *"inapplicable"* to Williams for lack of

*"signature"* and ***copyright date that is clearly years after alleged***

***issue date*** to *"evidence"* to the Court[s] that Williams consented to the *"terms"* and *"conditions"*.

Although the Fair Debt Collection Practice Act does not apply to *"creditors"* in most instances procuring an outstanding debt owed concerning consumers, this *"reasoning, understanding and law"* has since changed or has been amended according to the **CFPB Bulletin 2013-07**.*[See Exh-D3]*.

In earlier stages of this litigation, the *"Hiakala Court"* prior to MDL 2416 transfer, struck down Plaintiff's claims of *FDCPA* and *FTC 5(a)* abuse; *"Bucklo Court concurring"*. Explanation was FDCPA and FTC 5(a) denied with prejudice along with, *"Bank argued "FDCPA" doesn't apply to a "creditor" and Williams can not bring a private cause of action under the FTC Act"*. Williams asserts, *"reversal"* of these rulings must be entertained or allowed for the sake of equity and justice because this very *"abuse"* has taken place in the *"discovery"* phase within the Honorable Court of Elaine E Bucklo.

In order to meet the threshold of CFPB requirement, the exception is when a *"creditor"* behaves in a unfair and deceptive manner, which

would then allow the Fair Debt Collection Practice Act to apply to a *"creditor's"* action. However, the CFPB says, FDCPA applies in general to *"creditors"* now.

A violation depends solely on two factors (1) whether the debt *"agreement"* [emphasis added], explicitly authorizes the charge (2) whether the charge is permitted by law *"Turner, 330 F.3d.996"*. The provision is silent, but the 7th Circuit has held, *" that a collector who collected a charge by debt "agreement"* [emphasis added], *or by law even by accident would violate § 1692(f)(1). In particular, this section prohibits the collection of any amount not expressly authorized by the "agreement"* [emphasis added] *creating the debt or permitted by law id § 1692(f)(1).*

This or These actions by Capital One indicates a pattern as Williams turns this Court[s] attention to *Wheeler v. Capital One (USA)N.A. et.al. Case* [2:12-cv-05848]; in the United States District Court for the Eastern Division of Pennsylvania, where the complaint substantiates that," *Capital One has committed to writing and has disseminated to its national collection attorney base its' instructions and authorization to all of its collection attorneys throughout the United States of America to*

use false *"agreements"* as the governing contract for credit card holders who are subject of collection efforts".*[See Exh-D1]*.

Capital One submitted a *"security agreement"* in response to Williams' *"motion to compel"* that is clearly **copyrighted 2005 and 2006** absence his signature, yet Bank issued card **in 2004.**

*These wrongful collection activities are intended by the "defendant" to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".*

As well, any attorney who is in any proceeding before the Court[s] of Justice in which he appears as an attorney willfully misstates any proposition, or seeks to mislead the Court[s] in any matter of law is guilty of a *"misdemeanor"* in any trial thereof. If the defense be that the act was not willful[1], the burden shall be on the *"defendant"* to prove that he or she did not know that there was error in his or her statement of law. Any person guilty of falsely preparing any book, paper, record, *instrument of writing*, or other matter or thing with the intent to produce it or allow it to be produced as *"genuine"* upon any trial,

---

[1] **Negligent Misrepresentation:** such reliance was reasonable made recklessly without regard to its truth or falsity and is known to be false when made, applies even if by mistake.

proceeding, or inquiry, whatever, authorized by law, *shall be guilty of a*

*"felony"*.

    **C.** <u>Captial One Violated "TCPA" By Trying To Collect On A Charged-Off Debt Without Producing Security Agreement With Williams "Signature":</u>

According to the law (FAS) 140, once an asset has been sold, the

*"lender"* forever loses the right to the asset; once the asset is written off

the debt is *"discharged"* since the owner of the asset received

*"compensation"* for the *"discharge"* in the form of *"tax credits"* from the

[IRS]; *the debt has been settled*.

Once again Williams directs the Honorable Court[s] attention to the

*"security agreement"* and *"credit card application"* submitted by Capital

One without Williams *"signature"* which is in violation of UCC-904(2).

Williams poses the following questions:

1. How does the "assignee" have authorization to contact Williams on his cellular-device for an alleged debt owed in contradistinction of "TCPA" if security agreement lacks Williams' signature and debt is charged-off?

2. What "security agreement" with Williams' signature did Capital One charge-off in 2008?

    The record indicates…. by Capital One's response to Williams'

"motion to compel" that Holloway & Moxley L.L.P.(debt buyer), had

*"authorization"* to pursue Williams for an alleged debt owed. The Court[s] record also indicates that Capital One objected and denied any *"knowing"* of any lawsuit against Williams in 2010.[*See Capital One's Response to Williams Complaint and Admission/Interrogatories*]. Yet the question remains, "How could Holloway & Moxley L.L.P, "who purports to represent Capital One", or any "assignee" or "debt buyer" pursue Williams for an alleged debt in violation of the Telephone Consumer Protection Act if *"security agreement"* is *"inapplicable"* in accords with UCC-904(2) and debt was "charged-off" in 2008.*See Exh-D2].*

These credit card and debt collection practices by Capital One are unfair and deceptive in nature as defined by FTC 5(a) and violates UCC-904(2), Fair Debt Collection Practices Act 15U.S.C. § 1692(f)(1), State Consumer Protection Laws and Telephone Consumer Protection Act 47U.S.C.§ 227 et.seq. which was created and designed to prevent and deter such behavior.

**D.** Capital One Has Failed To Demonstrate The Absence Of Triable Issues Under An Account Stated Information.

Documentation submitted by Capital One in reference to the "credit card application", "security agreement" and "billing statements" without Williams' signature is unfair and deceptive.

Under an account stated cause of action, Capital One must demonstrate, among other things, that Bank rendered an account statement to Williams, and that Williams assented to the amount stated in the account statement. Other than conclusory comments of Bank's counsel, Court[s] should deny any motions for summary judgment and Williams respectfully ask Court[s] to deny motion for summary judgment.

The account stated documents presented by Capital One appears to present an *"acknowledgment"* of the existing condition of liability between the parties. *Rizkala v. Abusamara, 284, 303-7 Mass.* An account stated cannot be made the *"instrument"* to create a liability where none before existed, but only determines the amount of a debt where liability exists. *Chase v. Chase 191 Mass. 556, 562 (1902).* A claim for an account stated requires either express or implied assent by the alleged *"debtor"* Williams of the amount claimed to be owed. *See Milliken v. Warwick, 306 Mass. 192, 196 (1940); Meredith & Grew Inc.,*

*v. Worcester Lincoln L.L.C. 64 Mass.App.Ct. 142, 152-3 (2005).* "The Supreme Judicial Court found, however, that the "rendition of an account and its' retention by the party to which it is sent without objection within reasonable time, presents a *"jury"* question whether the silence of the receiver of the account warrants an inference of the admission of its correctness. *(emphasis added) Milliken at 197; See also, Braude & Margulies, P.C. v. Fireman's Fund Ins. Co., 468 F.Supp.2d.190(D.D.C.2007)(Under claims for account stated, the "mere mailing of a bill and the recipient's silence do not reflect an agreement to pay).* As the Milliken Court noted, the mere retention of the monthly account statements by Capital One presents a *"jury"* question as to whether Williams knowledge and retention and/or lack thereof of monthly bills demonstrated plaintiff's assent to an amount owed.

It is clear by Capital One's credit card and debt collection actions, that they assumed *"authorization"* to contact Williams on his cellular-device and by mail, despite that they have submitted to this Honorable Court[s] a *"security agreement"* that is *"inapplicable"* and lacks Williams *"signature"*.

**E.** <u>Plaintiff's Attempt To Redress Capital One's Procurement Of An Alleged Debt Owed In State Court.</u>

Williams initiated the "Bill-of-Review" CV13-135 for "Fraud on the Court" because Williams looked at the documentation submitted concerning his person, and found…."no proof of assignment", "no customer agreement with his "signature", improperly served…[*See State-Court Case#47-DV-2010-902072/Capital One denies State-Court Action concerning Williams Complaint and Admission/Interrogatories*]. The "Bill-of-Review" was never a *"lawsuit"* because no *"summons"* was served upon Holloway & Moxley, (Debt Buyer), who purports to have represented Capital One, in accords with Ala.R.Civ.P 3(a) and 4(a). The amount of $128 million dollars is therefore irrelevant. After appeal to the Alabama Court of Civic Appeals, on May 22, 2015, Court[s] sent instructions to Circuit Court to *"vacate'* denial of Williams post-judgment relief and remove sanctions of attorney fees. Alabama Court of Criminal Appeals sent same order dated May 18, 2015. *See Vacated Orders.*

Court[s] finds it acceptable that after a case has been *"vacated"* the aggrieved party can commence suit for damages as a right.

### F. Plaintiff's Inexperience As A Pro Se' In Applying An Alleged Debt Collection Remedy In State Court.

In Williams attempt to address his grievance in State-Court action as a *"pro se'"*, Williams came under the belief that Sovereignty would help him in resolving his dispute. In an apparent misapplication, sovereignty was of no avail, yet, sovereignty was never the issue or subject matter.

*In re Boyd v. Nebraska, 143 U.S. 135(1892)* Supreme Court opined, "the words (People of the United States) and (Citizens) are synonymous terms and mean the same thing, they both describe the political body, who according to our Republic Institution, form the "Sovereignty" and hold the power and conduct the government thru representatives. They are what we familiarly call (Sovereign People); every citizen is one of these people and constituient member thereof. In other words, in this country, "Sovereignty" resides in the people[2] and are protected by the Constitution[3], in light of amendments and controlling law.

Williams is not, nor has been, nor attends to be a "deviant" or "extremist" that Capital One attempts to eloquently construe.

### G. Capital One's Credit Card And Collection Behavior Activity Towards Plaintiff.

---

[2] See…Julliard v. Greenman., 110.U.S.421, Yick Wo. v. Hopkins., 118.U.S.356(1886), Luther v. Borden., 48.U.S.112.L.Ed.581(1849).

[3] See….Plessy v. Ferguson., 163.U.S.537(1896).

Capital One submitted a "security agreement" without Williams' "signature" in violation of UCC-904(2), which is unfair, deceptive and unreasonable and demonstrated debt collection practices that violated the Telephone Consumer Protection Act by:

1. Capital one communicated with alleged debtor is such a manner as to harass or embarrass.

2. Capital One contacted alleged debtor on his cellular-device in violation of the "TCPA" by making calls in excess of 15 times.

3. Bank disclosed pertinent information regarding alleged account to his work (Steinmart, Relatives, Court[s], Credit Bureaus) without his permission in an attempt to embarrass, humiliate and coerce payment.

4. Capital One committed unfair and deceptive acts by implying the fact of a debt, orally or in writing, to persons who reside in household of Williams.

5. Capital One engaged in non-identifying communication via "Telephone" with such frequency as to be unreasonable or to consititute a harassment.

6. Capital One's actions in contacting Williams and failing to "supervise" the *collection acitivities of its agents were intended to inflict emotional distress upon him.*

7. Bank intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Williams., hence *"invasion of privacy".*

8. Bank knew or should have known that it was not following collection laws and were using tactics known to harass and intimidate alleged debtor.

9. Bank could have reasonably forseen that Williams may suffer "emotional distress" if the "debt buyer" and/or "assignee" resorted to harmful conduct. *See e.g. Colorado Capital v. Owens., 03-CV-1126(JS) 2005 U.S. Dist. Lexis 5219.*

10. Capital One has submitted a *"security agreement"* to the Court[s] in response to Plaintiff's discovery request without Williams' signature as evidence that Williams consented to the "terms" and "conditions" in violation of the FDCPA.

11. Capital One has failed to meet the "burden of proof" to show that a contract, with Williams' signature, creating the debt exist. Canney v. New England Tel&Tel Co., 353 Mass. 158. 164 (1967).

12. Capital One also bears the burden of proving that Williams gave consent and breached the contract to be contacted for an alleged debt owed via his cellular device.

13. In cases involving credit cards, "Court[s]" require the actual terms and conditions of the agreement with the user's "actual signature" as proof of a contract. A photocopy of general terms to which the credit issuer may currently demand of its customer is not sufficient in a court of equity.

Ex: If a model credit card contract provides for the creditor to recover attorney fees and court costs in a collection action, the burden is on the creditor to show the alleged debtor in fact received and agreed to the contract. *See Norfolk Financial Corporation v. MacDonald, 153, 154 Mass.App.Div.(2003).*

14. Assignees bear the burden of proving that it was properly "assigned" the specific debt at issue. *Norfolk Fin.Corp. v. Mazard, 2009 WL 3844481 (Mass.App.Div.).*

As a direct and proximate result of collection activity and credit card practices of Capital One, Williams suffered actual damages, in the form listed in his *"Complaint"* as well as emotional distress, anxiety, anger, headaches, worry, frustration, lost of enjoyment of life, sleep deprivation, humiliation, family discord, among other negative emotions.

Capital One has demonstrated an overwhelming pre-ponderance of unfair and deceptive practices, breach of implied covenant of good faith and fair dealing[4], unconscionable[5] and negligent misrepresentation[6].

## III. Relief:

Williams has meritorious claim against Capital One and its' agents for their violation of Telephone Consumer Protection Act 47U.S.C.§ 227 et.seq. It is also evident that Bank has displayed unfair and deceptive credit card practices as defined by FTC 5(a), banking conduct and debt collection practices in Violation of Fair Debt Collection Practices Act 15U.S.C. § 1692(f)(1) by submitting an ***"unsigned"*** *security agreement with* <u>*Copyright of 2005 and 2006*</u> *insinuating consent to Capital One without providing the original with Williams' signature.*

Williams seeks relief against Capital One on the grounds that it has provided to this court absolutely no evidence that any *"credit card agreement'* was entered into by *"Williams"*, with his *"signature"*, and

---

[4] **Good Faith& Fair Dealing:** in regards to Capital One's actions it may be applied where the facts indicate capital acted in an unfair, misleading, sneaky or extremely advantageous manner.

[5] **Unconscionable: (Substantive)** addresses the terms of the contract where usually so one-sided and lacks consent ; hard for a court of conscience to assist.

[6] **Negligent Misrepresentation:** such reliance was reasonable made recklessly without regard to its truth or falsity and is known to be false when made, applies even if by mistake.

that Capital One and its' agents, (debt buyer), Holloway&Moxley L.L.P.,

who claims to represent Capital One in State-Court action in 2010, had

*"authorization"* to contact Williams on his *"cellular-device"* in violation

of the Telephone Consumer Proctection Act 47U.S.C.§ 227 et.seq. for

other than emergency purposes, has a legal claim to this debt, nor that

they are entitled to equitable relief like (fees, interest and court costs).

*See In re Norfolk Financial Corporation v. MacDonald,. 1533*

*Mass.App.Div. (2003).*

The Court[s] should exercise its discretion to award double or

treble damages in accordance with the laws and/or move this case to

trial. Williams seeks $15 million dollars for his emotional distress,

conscious pain and suffering and all other "damages" (including

punative) recoverable, including fees and costs, together with interest

and such other relief as this Honorable Court[s] may deem appropriate

as Capital One has violated the Telephone Consumer Act 47U.S.C.§ 227

et.seq..As well, Capital One has demonstrated unfair and deceptive

practices in accords with FTC 5(a); under the FTC Act Title 15U.S.C. §

45(a), consumer can receive "injunctive" relief and treble damages

under the FTC umbrella in a private cause of action a penalty of

($110p/dy) under debt collection improvement act of 1996 as well as ($16,000 p/dy) penalty for each violation. Litigation has exceeded 6 years by Capital One's admission.*[See Capital One's response to William's "motion to compel"]*. For violations of the Fair Debt Collection Act 15U.S.C. § 1692(f)(1), Williams is entitled to $1,000 per offence, costs and injunctive relief.

## CONCLUSION:

In concluding this judgment of law, in sum, the issue here is not that Williams was not furnished a credit card by the Bank, rather the issue here is how Capital One violated Federal Law thru *"deceptive"* measures by issuing credit cards to *"consumers"* with a *"security agreement"* that *"consumers"*, like Williams, have not agreed to by way of signature in violation of UCC-904(2), and then pursue that *"consumer"* in violation of the Telephone Consumer Proctection Act 47U.S.C. § 227 et.seq.

Capital One will argue that Williams consented to the *"terms"* and *"conditions"*, however, this assertion fails on its face and does not take away from the fact that the Bank submitted an *"inapplicable"* security

agreement as it relates to this case that clearly *"evidence"* Williams did not agree to by way of *"signature"* making whatever agreement *"unenforceable"* in accords with UCC-904(2). Therefore, Bank and third-parties have no *"authorization"* to seek remedies for alleged damages in the manner of (court costs, interest and fees).

It is also apparent by Bank's credit card practices by submitting an *"inapplicable"* security agreement, that Capital One clearly demonstrated unfair and deceptive acts and practices as defined by FTC 5(a) and has defied the Fair Debt Collection Practice Act 15U.S.C. § 1692(f)(1).

Capital One's own admittance concerning **ID#40730-49228-63187** along with submitted evidence reveals Bank's credit card and collection activity practices contacted Williams in excess of (15) times in violation of Telephone Consumer Protection Act 47U.S.C.§ 227.

Furthermore, Bank's credit card practices in this case is not a single occurrence, for Williams turns this Court[s] attention to <u>Wheeler v. Capital One(USA)N.A.et.al.</u> *" bank gave instructions to national*

*collection attorney base to submit "inapplicable" and "false" security agreements in their pursuit of an alleged debts of debtors".*

This type of behavior by a *"creditor"* is the very reason *"Congress"* created the Fair Debt Collection Practice Act and Telephone Consumer Protection Act to deter actions that Capital One has demonstrated.

As a result of Bank's credit card and collection practices, it is clear, Williams, *"consumer",* has been injured and demands equity in the form of damages by granting all the relief requested herein and entitled to by law and as the Court[s] see fit.

**WHEREFORE**, plaintiff prays that judgment *" as a matter of law"* be entered against Capital One *"with prejudice",* along with all *"relief"* requested be granted because of Bank's credit card and debt collection practices.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

March 15, 2016

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Motion for Judgment as a Matter of Law"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and by email.. *If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**FAEGRER BAKER DANIELS LLP**
/s/ Erin L. Hoffman(MN No.0387835)
/s/ Aaron P. Knoll
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
Email: erin.hofffman@FaegreBD.com
        aaron.knoll@faegrebd.com

**Cc: Burr & Forman LLP**
*/s /Joshua H. Threadcraft*
*/s/ Hannah Thrasher*
40 North 20th St., Suite 3400
Birmingham, AL. 35203
Tel: (205) 458-5132
Fax: (205) 413-8701
Email: jthreadcraft@burr.com

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person